IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEISY CASANOVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-841-N-BN |
| | § | |
| WILLOW BEND MORTGAGE | § | |
| COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Neisy Casanova filed a *pro se* complaint (titled Notice of Unlimited Civil Suit) against numerous defendants, which contains language common to suits brought by so-called sovereign citizens and appears to specify claims that include alleged violations of the "Bills of Exchange Act of 1882," the Federal Reserve Act, various federal criminal statutes, and the Thirteenth Amendment. *See* Dkt. No. 3.

Casanova paid the statutory filing fee and simultaneously filed an Emergency Motion to Stop Foreclosure Sale Temporary Restraining Orders [Dkt. No. 4] (the "TRO Motion"); *see also* Dkt. No. 3 at 1 & 19 (appearing to allege a foreclosure sale date of May 7, 2024).

Chief United States District Judge David C. Godbey referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the TRO Motion.

First, by paying the statutory filing fee, Casanova assumed the responsibility to serve each defendant in compliance with Federal Rule of Civil Procedure 4. And Casanova's requesting entry of a TRO prior to properly effecting service implicates Federal Rule of Civil Procedure 65(b)(1).

That is, Casanova may not obtain a TRO absent notice to the defendants without complying with Rule 65(b)(1). And that Casanova has not complied with that rule is reason enough to deny a TRO. *See Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney [or *pro se* movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.'" (emphasis in original; quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '*[p]ro se* parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")).

Even if the Court clears this out-of-the-blocks procedural hurdle for Casanova, Casanova still has not shown an entitlement to a TRO.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain preliminary injunctive relief, Casanova must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, the TRO Motion should be denied because Casanova has not shown a substantial likelihood of success on the merits of the claims asserted. *Cf. Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012) ("An absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law." (cleaned up)).

While Casanova's paying the filing fee prevents judicial screening under 28 U.S.C. § 1915, the undersigned has still examined the sufficiency of the allegations to determine if plausible causes of action have been alleged, since an absence of plausible claims precludes a finding of substantial likelihood of success on the merits of those claims.

And Casanova has not pled plausible causes of action for relief to the extent that a complaint filed to prevent a foreclosure sale relies on sovereign citizen theories of liability and claims under the "Bills of Exchange Act," the Federal Reserve Act, various federal criminal statutes (without an explanation as to how each affords a private cause of action), and the Thirteenth Amendment. *See, e.g.*, *Mason v. Anderson*, Civ. A. No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) ("[C]ourts routinely dismiss sovereign citizen claims." (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law – not a single time."); citations omitted)); *Hicks v. Capital Bank*, No. 3:24-cv-517-G, 2024 WL 1287626, at *1 (N.D. Tex. Mar. 26, 2024) (observing "that the Federal Reserve Act does not provide individuals with a private cause of action" and that reliance on the so-called Bills of Exchange Act, which is not a federal statute, is "similarly frivolous" (citations omitted)); *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal

law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)); *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 162 (5th Cir. 1996) ("The Fifth Circuit defines involuntary servitude as 'an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement.' [So, 'w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude.'" (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990))).

## Recommendation

The Court should deny Emergency Motion to Stop Foreclosure Sale Temporary Restraining Orders [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 5, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE